**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-1907-NCC |
| | ) |
| CO1, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Plaintiff signed and dated the complaint on November 29, 2020, and it was docketed in this Court on December 11, 2020. At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the complaint, he writes: "Application to Proceed in District Court without Prepaying Fees or Costs," and avers he earns only $5.00 per month. It is therefore apparent that plaintiff is requesting leave to proceed *in forma pauperis* because he lacks sufficient means to pay the civil filing fee. Having considered plaintiff's statements, the Court has determined to allow him to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In this case, plaintiff has not filed a certified copy of his inmate account statement. Instead, he avers the Missouri Department of Corrections ("MDOC") will not provide him with any more copies of it. Therefore, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information plaintiff has provided regarding his finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in

2

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

3

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff avers he brings the complaint pursuant to 42 U.S.C. § 1983. He identifies himself as a civilly committed detainee, but review of publicly-available MDOC records shows he is actually a convicted and sentenced state prisoner. It is clear plaintiff intends to sue the MDOC and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), along with numerous individual defendants.

Plaintiff identifies the individual defendants using generic titles such as "CO1," "CO2," "Major," "Caseworker," "Chaplain," "House Rep Mo," "Senator Mo," and "Assist. Rep. General." Plaintiff does not clearly indicate the capacity in which he sues the individual defendants. Therefore, the Court interprets the complaint as asserting only official-capacity claims against them. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."). Next to each defendant's title, plaintiff writes the amount of monetary relief he seeks from that individual. Those amounts range from 1 Trillion dollars to "5000 Trillion" dollars.

4

In setting forth his statement of claim, plaintiff writes: "I'm sueing [*sic*] each Dept for the amount shown since 7 13 2020 I have been requesting my religious diet I'm Astru/Odinism/Catholicism I'm a sourvin citizn [*sic*] and they deny it here it is my holiday the day we [celebrate] the dead and I still can't get none of my [material], diet nothing it's like D.O.C. ERDCC just says screw Astrus."

The complaint is one of more than one hundred and thirty (130) prisoner civil rights complaints plaintiff has recently filed in this Court, alleging that his civil rights have been violated by the MDOC and its divisions and facilities, and by individual defendants identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's demands for relief are roughly the same as those in the instant action. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

Plaintiff can be understood to seek monetary relief because he believes he was wrongfully denied accommodations related to his religious needs. The First Amendment's Free Exercise Clause prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. U.S. CONST. amend. I. Briefly, in considering a First Amendment claim, courts consider "the threshold issue of whether the challenged governmental action infringes upon a sincerely held religious belief." *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825, 831 (8th Cir. 2009). Prisoners are also protected by the Religious Land Use and Institutionalized Persons

Act ("RLUIPA"). *See* 42 U.S.C. §§ 2000cc *et seq.* RLUIPA requires a prisoner to show, as a threshold matter, a substantial burden on his ability to exercise his religion. *Gladson,* 551 F.3d at 832.

In the case at bar, plaintiff states he was denied an unspecified diet and unspecified materials related to his religious needs. He alleges no factual assertions permitting the inference that any government action actually infringed upon his religious belief, or substantially burdened his ability to exercise his religion. Instead, plaintiff offers only the "[t]hreadbare recital" of a claim that is supported by his own conclusory statements, which this Court is not required to accept as true. *Iqbal,* 556 U.S. at 678. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

To the extent plaintiff can be understood to rest his claim of entitlement to relief on his status as a "sovereign citizen," his claim is frivolous. Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v.*

*Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Even if it could be said plaintiff had alleged sufficient facts to state a plausible claim under 42 U.S.C. § 1983, the complaint would be subject to dismissal. Plaintiff names the MDOC and the ERDCC as defendants. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second is where a State

7

waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies here. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because plaintiff has not alleged, nor is it apparent, that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Plaintiff has also named numerous individuals as defendants, identifying them using only generic titles. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the individual defendants identified by generic titles, such that their identities could be ascertained after reasonable discovery. This action therefore cannot proceed against the fictitious defendants. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Additionally, to the extent the individuals are employees or officials of the State of Missouri, they are not "persons" that can be sued under § 1983, and they are immune. Official capacity claims against such individuals are actually "against the governmental entity itself." *See*

*White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, official capacity claims against employees or officials of the State of Missouri are actually claims against the State itself. However, as noted above, the State "person" under § 1983. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Even if plaintiff had indicated an intent to sue the individual defendants in an individual capacity, the complaint would be dismissed. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that any individual did or failed to do anything that amounted to a violation of any of his federally-protected rights. Indeed, the only specific information plaintiff provides regarding each individual is the amount of money

9

he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them). The complaint therefore fails to state a claim upon which relief may be granted against any individual.

For the foregoing reasons, the complaint is subject to dismissal because it is frivolous and/or because it fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless prisoner civil rights actions plaintiff has recently filed in this Court against the MDOC and its facilities, and against individuals identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an

10

amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of March, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

11